DORFEUILLE'S MINORS vs. DUPLESSIS ET AL.

DORFEUILLE'S MINORS vs DUPLESSIS & AL

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The syndics of an insolvent cannot release a mortgage existing on property sold by the insolvent previous to his failure, even to disencumber the property so as to receive the price from the purchaser. Their powers only extend to the discharge of *existing liens* on property surrendered by the insolvents.

Where syndics release a mortgage existing on property sold before the surrender by the insolvent, receive the *price and place it on the tableau* to the credit of the mortgage creditors, who are minors but represented by their under tutor, they still have their recourse on the mortgage property, because they were not cognizant to the fact of the mortgage being released.

The judgment of homologation should cover the whole ground on which the minors claim is resisted, as well that of the release of the mortgage as the payment of the price received for the mortgaged premises, before it can have the effect of *res judicata*.

The facts are fully stated in the opinion of the court.

*Seghers* for the appellants.

*Moreau* and *Canon* for the appellees.

*Porter, J.* delivered the opinion of the court.

The plaintiffs seek to enforce a mortgage which they had on their father's property, on land now in the possession of the defendants.

The premises were once owned by their father, who, about the year 1820, became insolvent, and called a meeting of his creditors. Some years previous to his failure, he had sold the premises to one Guesnon, and Guesnon not paying for the property at the time specified in the contract, an order of seizure and sale was taken out, and the premises sold. At the sale the defendants became the purchasers, and the debt owed by them was transferred by the father of the plaintiffs, the insolvent, to his creditors.

The syndics demanded payment, and the defendants refused to make it, unless the mortgage which existed on the property in favour of the minors, who are now plaintiffs, was discharged. The syndics gave the release required, and received the money. This money they carried on the tableau

The syndics of an insolvent cannot release a mortgage existing on property sold by the insolvent previous to his failure even to disencum-

of distribution. No opposition was made to the receipt of the money by the other creditors, and the minors, represented by their undertutor, made none. The money was subsequently paid to their representative.

The right of the plaintiffs to recover, depends on the solution of two questions, to which the parties, by agreement, have limited the case, waiving all other questions the record might present. The first is, whether the syndics had a right to release the mortgage.

The act of 1817 gives them the authority to grant a discharge of liens existing on any property surrendered by the insolvent. This is to effectuate a sale. But in this instance, the sale having been made before the insolvency, the right of the plaintiffs to enforce their mortgage on the property in the hands of the purchaser, was perfect, and could not be affected by the failure, without an express provision of law to that effect. None such exists; and though it would be convenient there should be, the power would be liable to considerable abuse. The property, in many instances, might be worth more than it was sold for, and a power to release the mortgage would deprive the creditor of a great proportion of his security, if he were compelled to take the money in place of exercising his right on the thing. Such was the case here. The land had been sold by the insolvent several years before, for $1000;—when sold at sheriff's sale, to enforce the payment of the purchase money, it brought upwards of $2000. The difference between these two sums was lost to the minors, by the syndics releasing the mortgage.

The second, and rather more difficult question, is, whether the failure on the part of the minors to object to the tableau of distribution, and subsequent receipt of the money, does not prevent them from now having recourse on the land. If knowledge of the release given by the syndics was brought home to their representative, then before the court, it is pos-

---

Eastern District,
June 1831.

DORFEUILLE'S
MINORS
vs.
DUPLESSIS & AL

ber the property so as to receive the price from the purchaser. Their power only extends to the discharge of existing liens on property surrendered by the insolvent.

Where syndics release a mortgage existing on property sold before the surrender by the insolvent, receive the price and place it on the tableau to the credit of the mortgage creditors, who are minors but represented by their under tutor, they still have their recourse on the mortgage property, because they were not cognizant to the fact of the mortgage being released.

Eastern District,
June 1831,

DORFEUILLE'S
MINORS
vs.
DUPLESSIS & AL

The judgment of homologation should cover the whole ground on which the minors' claim is resisted, as well that of the release of the mortgage as the payment of the price for the mortgaged premises before it can have the effect of *res judicata.*

sible it might; but it appears this was a matter carried on between the syndics and purchaser, in which they took no part, and, for aught that is shewn on record, were not even aware of. The appropriating the money to them, in the tableau, gave their representative no information of the fact; for in virtue of their mortgage on the tutor's estate, they had a right to be paid, in preference to other creditors. The judgment of homologation should cover the whole ground on which the minors' claim is rested, or it cannot have the effect of *res judicata.*

We therefore think the plaintiffs have a right to recover; and the next inquiry is, how much. Their claim is made up of two items, the amount inherited from their mother, $3161 68: and $900 for their share of the acquets and gains made during the marriage. The evidence satisfies us there were no gains, and that the whole amount due the plaintiffs is the sum first mentioned; from which must be deducted $960, paid by the syndics, which will leave a balance due of $2108 68.

This balance the defendants contend must be still further reduced in the sum of $710, objects purchased at the sale of the insolvent's estate, on account of the minors, and carried into the tableau of distribution as so much to their debit.— This item we think should be allowed. It was confirmed by the judgment of the court homologating the tableau, and as the minors were parties to the action and duly represented, the decree has the force of *res judicata*, and cannot be collaterally examined and set aside in this suit.—5 *N. S.* 165. This sum of $710 taken from $2108 68, leaves $1398 68, with interest at five per centum from 13th January, 1821, until paid.

It is therefore ordered, adjudged and decreed, that the plaintiffs do recover of the defendants the sum of thirteen hundred and ninety-eight dollars and sixty-eight cents, with interest from the 13th of January, 1821, until paid, at five per centum, unless within ten days after the notification of

this judgment they give up the mortgaged premises to the plaintiffs; and if they do, it is then ordered and decreed that the said premises be seized and sold, to satisfy the above sum of thirteen hundred and ninety-eight dollars and sixty-eight cents, with interest at five per centum from the 13th January, 1821, until paid, and costs of suit.